**Olshan Grundman Frome
Rosenzweig & Wolosky LLP**
Park Avenue Tower
65 East 55th Street
New York, New York 10022
(212) 451-2200
Michael S. Fox, Esq.
David Y. Wolnerman, Esq.

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>SIGNATURE APPAREL GROUP LLC,<br><br>    Debtor. | Chapter 11<br>Case No. 09-15378 (JMP) |
| ANTHONY LABROSCIANO, AS RESPONSIBLE PERSON FOR SIGNATURE APPAREL GROUP LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>ARTFUL HOLDINGS, LLC,<br><br>    Defendant. | Adv. Pro. No. 11-_____ (JMP) |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

Anthony Labrosciano, the duly appointed responsible person (the "Responsible Person") under the First Amended Plan of Liquidation Proposed Jointly by the Debtor and the Official Committee of Unsecured Creditors, dated May 12, 2010 (the "Plan"), for Signature Apparel Group LLC ("Signature"), as and for his complaint (the "Complaint") to avoid certain

1259506-1

preferential transfers made by Signature to or for the benefit of Defendant Artful Holdings, LLC ("Defendant") respectfully alleges as follows:

## NATURE OF THE ACTION

1. The Responsible Person brings this action against Defendant to (i) avoid and recover from Defendant certain preferential transfers made by Signature during the 90-day period prior to the commencement of Signature's bankruptcy proceeding; and (ii) pending Defendant's payment of the amount so avoided, disallowance of Defendant's proof(s) of claim filed against Signature's estate.

## PARTIES

2. Anthony Labrosciano is the Responsible Person appointed under the Plan. Pursuant to the Plan, the Responsible Person has the sole authority to pursue claims and causes of action on behalf of Signature, and to litigate objections to claims asserted against Signature's estate.

3. Prior to the commencement of its bankruptcy proceeding, Signature was a privately owned, multi-faceted apparel company that designed, developed, manufactured, distributed and sold branded apparel worldwide. Signature is a limited liability company organized under the laws of the State of New York, with its principal place of business at 1370 Broadway, 6th Floor, New York, New York 10018.

4. Upon information and belief, Defendant is a limited liability company organized under the laws of Delaware with its principal place of business located at 103 Foulk Road, Wilmington, Delaware 19803.

1259506-1

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b).

7. Venue of this chapter 11 case and adversary proceeding in this district and before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for the relief requested by the Complaint are sections 105, 502, 547 and 550 of title 11 of the United States Code (the "Bankruptcy Code") and Fed. R. Bankr. P. 3007 and 7001.

## BACKGROUND

A.  **General Case Background**

9. On September 4, 2009, petitioning creditors Hitch & Trail Inc., Talful, Ltd. and Harvestway (China) Limited filed an involuntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York against Signature.

10. On November 9, 2009, Signature filed its Motion to Convert Case to a Case Under Chapter 11 (the "Motion to Convert"). On November 12, 2009, this Court granted the relief requested in the Motion to Convert.

11. On July 1, 2010, this Court entered an order confirming Signature's Plan.

12. On August 5, 2010, the Effective Date (as defined in the Plan) of the Plan occurred and Anthony Labrosiano was appointed as the Responsible Person under the Plan. Pursuant to the Plan, the Responsible Person is empowered, on behalf of Signature, to (i) serve as the sole officer and director of Signature; (ii) take steps and execute all instruments and

documents necessary to effectuate the disbursements to be made under the Plan; (iii) cause the Disbursing Agent (as defined in the Plan) to make the distributions contemplated by the Plan; (iv) employ, retain, or replace professionals to represent Signature with respect to its responsibilities or otherwise effectuate the Plan; (v) enforce and prosecute claims, interests, rights and privileges of Signature; and (vi) review and object to the allowance of claims, among other things.

**B.     Transfers to Defendant Made Within 90 days Prior to the Commencement of the Bankruptcy Case**

13.     During the 90-day period prior to commencement of Signature's bankruptcy proceeding (the "Preference Period"), Signature transferred property to or for the benefit of Defendant in an amount not less than $400,000.00. A list identifying each and every transfer (the "Preferential Transfers") made by Signature to Defendant during the Preference Period is annexed hereto as Exhibit A and incorporated herein by reference.

## COUNT I

**(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

14.     The Responsible Person repeats and realleges each of the allegations set forth above as if fully set forth herein.

15.     Defendant was a creditor of Signature at the time of each of the Preferential Transfers.

16.     Each Preferential Transfer identified on Exhibit A hereto was made to or for the benefit of Defendant.

17.     Each Preferential Transfer was made for or on account of an antecedent debt or debts owed by Signature before each such Preferential Transfer was made.

18.     Each Preferential Transfer was made during the Preference Period.

19. Each Preferential Transfer was made while Signature was insolvent.

20. Each Preferential Transfer enabled Defendant to recover more than it would have received if (a) the Preferential Transfers had not been made, (b) the case were a case under Chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

21. By reason of the foregoing, each Preferential Transfer is avoidable pursuant to Bankruptcy Code section 547(b).

## COUNT II

### (Recovery of Preferential Transfers Pursuant to 11 U.S.C. § 550))

22. The Responsible Person repeats and realleges each of the allegations set forth above as if fully set forth herein.

23. Defendant was either (i) the initial transferee of the Preferential Transfers, (ii) the entity for whose benefit the Preferential Transfers were made, or (iii) an immediate or mediate transferee of the Preferential Transfers.

24. Each Preferential Transfer that is avoided under section 547(b) is recoverable pursuant to Bankruptcy Code section 550.

25. Subject to potential defenses, the Responsible Person is entitled to recover the value of the Preferential Transfers pursuant to Bankruptcy Code section 550(a).

## COUNT III

### (Disallowance of Claim Pursuant to 11 U.S.C. § 502(d))

26. The Responsible Person repeats and realleges each of the allegations set forth above as if fully set forth herein.

1259506-1

27. Defendant may have filed, or may file in the future, one or more proofs of claim against Signature's estate (the "Claim").

28. As alleged above, each Preferential Transfer constitutes an avoidable preference pursuant to Bankruptcy Code section 547, which is recoverable pursuant to Bankruptcy Code section 550.

29. Accordingly, pursuant to Bankruptcy Code section 502(d), the Claim must be disallowed unless and until Defendant pays the Responsible Person an amount equal to each Preferential Transfer that is avoided.

## PRAYER FOR RELIEF

WHEREFORE, the Responsible Person respectfully requests and prays that the Court:

    i. Pursuant to Counts I and II, enter judgment against Defendant under 11 U.S.C. §§ 547 and 550 and allow the Responsible Person to avoid and recover the Preferential Transfers in an amount not less than $400,000.00; and

    ii. Pursuant to Count III, disallow Defendant's Claim(s) in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Responsible Person of any avoidable and recoverable transfers; and

    iii. Award the Responsible Person prejudgment interest at the legally allowed applicable rate; and

1259506-1

      iv.      Award the Responsible Person costs, and expenses of suit herein; and

      v.      Grant the Responsible Person such other and further relief as the Court deems just and appropriate.

Dated: New York, New York
       April 15, 2011

**OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP**

By:   /s/ David Y. Wolnerman
       Michael S. Fox, Esq.
       David Y. Wolnerman, Esq.
       Park Avenue Tower
       65 East 55th Street
       New York, NY 10022

*Attorneys for Plaintiff*

## EXHIBIT A

**(Preferential Transfers)**

| Vendor Name | Date | Check/Wire Number | Paid Amount |
|---|---|---|---|
| Artful Holdings, LLC | 7/02/2009 | 6420 | $400,000.00 |
| | | Total Payment Amount | $400,000.00 |

1259506-1